### CALVERT *v.* BOWMAN.

1. VENDOR AND PURCHASER—TRUSTS—NOTICE—DEEDS.

In suit by owner and trustee to cancel deed given by latter to one who purchased from former co-owner, bill *held,* properly dismissed where co-owners who had conveyed large tract of land by recorded warranty deed to grantee, latter had executed unrecorded declaration of trust, one co-owner had assigned his interest to the other after latter had given written agreement to permit selection of five-acre tract adjacent to creek and lake by former or his assignee, and such assignee, as purchaser, had secured deed from trustee to five acres selected pursuant to agreement, since such assignee was not bound to make inquiry upon being shown agreement between co-owners as to tract he purchased, the record showing fee simple title in his grantor.

2. Same—Power of Trustee—Notice to Grantee.

That deed conveying title described grantor therein as trustee, *held*, not such notice to grantee as required him to look up grantor's power to act or investigate implication of term so employed.

Appeal from Schoolcraft; Runnels (Herbert W.), J. Submitted January 18, 1935. (Docket No. 38, Calendar No. 37,130.) Decided April 8, 1935.

Bill by Herbert Calvert and the Rockford Trust Company, an Illinois corporation, against Albert Bowman and Charles Fredriksen to cancel a deed. Bill dismissed. Plaintiffs appeal. Affirmed.

*Ryall & Frost,* for plaintiffs.

*James C. Wood,* for defendant Bowman.

Wiest, J. The bill herein was filed to cancel a deed, given by plaintiff Rockford Trust Company to defendant Albert Harold Bowman, for five acres of land, bordering on Gulliver lake, in Schoolcraft county. Plaintiffs appeal from a decree dismissing the bill.

In 1925, plaintiff Herbert Calvert and defendant Charles Fredriksen were owners of a large tract of land, inclusive of the premises in suit, and planned development thereof for platting and sale of lots for resort and recreational purposes. August 25, 1925, Fredriksen and Calvert, by warranty deed conveyed the whole tract of land to the Rockford Trust Company, and the deed was placed of record. The same day the Rockford Trust Company executed a declaration of trust, from which we quote the following:

"That the said Rockford Trust Company holds the said property * * * in trust. * * *

"That from time to time upon written request of the managers of the syndicate (Fredriksen and Calvert), or the survivor of said managers, and not otherwise, the trustee shall by good and sufficient deed or deeds containing warranties against its own acts only, transfer and convey all or any part or parts of said property conveyed to it in trust as aforesaid, to such person or persons or corporation as said written request shall name or designate."

This declaration of trust was not recorded. April 17, 1931, Fredriksen assigned his interest to Calvert who, the day before, executed and delivered to Fredriksen the following writing:

"For one dollar and other considerations I agree to have Rockford Trust Company deed to Charles Fredriksen, his heirs or assigns, by special warranty deed, a tract of 5 acres of land fronting on Gulliver lake, Schoolcraft county, Michigan. The said tract to be either directly east or directly west of the creek known as the outlet of Gulliver lake. The location of this tract may be changed by mutual consent of both Charles Fredriksen and myself."

With this authority to have five acres of land Fredriksen got in touch with defendant Bowman, a young man who lived in the vicinity of the land, showed him the writing and solicited him to purchase. The mentioned agreement, not locating the parcel, left it for Fredriksen to select the five acres of land, and he elected to take a strip, 10 rods in width, directly east of the outlet, along the shore of Gulliver lake, and it was surveyed and Mr. Bowman made the purchase, paid $1,500 therefor and, in July, 1931, received a deed thereto from the Rockford Trust Company, trustee.

At that time the trust company had the writing given Fredriksen by Calvert and a letter from

Fredriksen to deed the land to Bowman to whom he had assigned his right. Before purchasing Mr. Bowman had the title of record examined and found the title to be in the Rockford Trust Company in fee simple. The designation of the Rockford Trust Company as trustee in its deed to Bowman was not in accord with any record evidence of such a holding by it, nor did the deed itself further state the origin or extent of the trust. The deed to Bowman was a recognition by the Rockford Trust Company of Fredriksen's right, under Calvert's authorization, to select the location of the land and have a deed to himself or his assign. There was nothing of record indicating that the Rockford Trust Company held title as trustee, and no contemporaneous activity on the premises by Calvert tending to give notice of such a relation or retention of beneficial ownership control. Mr. Bowman acted in good faith, relying on the record. Was he bound to make inquiry, upon being shown the agreement of Calvert with Fredriksen?

It cannot be said that the writing was notice of a holding in trust by the Rockford Trust Company or called upon Bowman to look up the relation between the trust company and Calvert. Neither did the deed from the Rockford Trust Company, trustee, to Bowman, call for inquiry. That deed conveyed title and while the grantor described itself as trustee therein, that fact was not notice to Bowman, of a nature requiring him to look up its power to so act, or investigate the implication of the term so employed.

Plaintiff Calvert empowered Fredriksen to select and obtain title for himself, or another, to five acres of the land and his agreement to such effect was in the hands of the trust company when it executed

the deed and authorized the trustee to make and deliver the deed in suit.

The decree, dismissing the bill, is affirmed, with costs to defendant Bowman.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.